FILED

IN THE COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY,
STATE OF FLORIDA

NCC BUSINESS SERVICES, INC.,
on behalf of itself and other similarly
situated entities,

          Plaintiff,

-vs-                                      Case No. 16-2012CA-009480

LEMBERG & ASSOCIATES, LLC,

          Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **NCC BUSINESS SERVICES**, (hereinafter "Plaintiff") and through counsel, brings this action against the above listed Defendant, **LEMBERG & ASSOCIATES, LLC** (hereinafter "Defendant"), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This action is for damages exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of attorney fees and costs.

2. Plaintiff is a corporation with a principal place of business located in Jacksonville, Duval County, Florida.

3. Defendant, Lemberg & Associates, LLC is limited liability company, with its principal place of business located in Stamford, Connecticut; Defendant is a law firm that represents consumers in Fair Debt Collection and Credit Reporting matters.

4. Defendant maintains a website entitled "stopcollector.com," by which Defendant conducts internet advertising activity which impacts persons in the State of Florida, and for which Defendant could reasonably expect to be sued in Florida.

5. The alleged causes of action occurred in Duval County, Florida, and therefore, venue is proper in Duval County, Florida.

## FACTUAL ALLEGATIONS

6. Defendant is a law firm that maintains a website at http://stopcollector.com whereby Defendant advertises its legal services focused on "representing consumers in Fair Debt Collection and Credit Reporting matters." (See Exhibit "A" attached, p. 4)

7. Defendant, through its website, misuses the name of Plaintiff by purporting to offer information about Plaintiff to viewers of its "stopcollector.com" website.

8. Defendant also misuses the name of Plaintiff in its computer programming and search engine optimization strategy, to impact the ranking of its "stopcollector.com" website when the name of Plaintiff is entered in a search engine; as a result, unsuspecting consumers who search for Plaintiff on the internet and/or existing customers of Plaintiff are redirected to Defendant's website.

9. Defendant does not have the consent or authorization of Plaintiff to use its name in any form for any purpose, including, but not limited to advertising purposes.

10. Internet users who enter Plaintiff's name in a search engine on the internet, are directed to Defendant's "stopcollector.com" website, which is misleading, as the website's purpose is not to provide information about Plaintiff, but to solicit prospective clients for Defendant and to encourage lawsuits against Plaintiff.

11. Defendant maintains a separate website at "www.lemberglaw.com" (See Exhibit "B" attached), which serves Defendant's purpose of promoting the law firm and advertising the legal services available to prospective clients.

12. The only purpose for Defendant's "stopcollector.com" website is to promote litigation against debt collection agencies, including Plaintiff, and Defendant improperly uses Plaintiff's name to redirect those searching the internet for information about Plaintiff, to Defendant's website, where Defendant includes untrue information about Plaintiff, and falsely accuses Plaintiff of harassing and/or abusive conduct.

13. On the "stopcollector.com website," Defendant includes on the page associated with Plaintiff a section entitled "Free Case Evaluation," and in the "Select State" option of that section, Florida is a state listed for potential clients of Defendant to "Recover up to $1,000.00 for harassment..." (See Exhibit "C" attached, p. 1 and p. 3)

14. Plaintiff has been operating under the name "NCC Business Services, Inc." since 1986, and has not expressly or impliedly authorized Defendant, or any representative or agent of Defendant, to use or publish its name, and has not consented to the use or publication of its name by Defendant for any purpose, including but not limited to internet advertising or solicitation.

## CLASS ACTION ALLEGATIONS

15. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-14 above.

16. In addition to bringing an individual action, Plaintiff also brings this action on behalf of all other debt collection agencies (the "Class" or "Class Members"), whose names have been published, displayed or otherwise publicly used by Defendant without their authorization or express consent.

17. The Class is believed to comprise several hundred debt collection agencies; on its website, Defendant's devotes a section entitled "Debt Collection Agencies" to an alphabetical listing of at least 475 collection agencies, which are potential plaintiffs in this action.

3

18. Pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, the members of the class are so numerous that separate joinder of each member is impracticable; the claim of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim of the other members of the class; the claim of the representative party is typical of the claim of each member of the class; and the representative party can fairly and adequately protect and represent the interests of each member of the class.

## COUNT I
### Violation of Florida Statutes Section 540.08

19. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1- 18 above.

20. This is an action for damages pursuant to Florida Statutes, Section 540.08.

21. Without the express written or oral consent of Plaintiff, Defendant has published, displayed or otherwise publicly used Plaintiff's name for purposes of trade, or for commercial or advertising purposes.

22. Such improper use of Plaintiff's name by Defendant subjects Defendant to a civil penalty of up to $1,000.00 per violation.

WHEREFORE Plaintiff demands judgment against Defendant, for civil penalties for each violation of F.S. §540.08, plus an injunction against such unauthorized publication, display or public use of Plaintiff's name by Defendant, plus damages, punitive damages or exemplary damages, and such other relief as the Court deems appropriate.

## COUNT II
### Unfair Competition based on Trademark Infringement

23. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1- 22 above.

4

24. Plaintiff owns a valid, protectable service mark by its continuous, uninterrupted use of "NCC Business Services, Inc." ("Mark") for more than 25 years in the state of Florida.

25. Plaintiff first adopted and used the Mark in the debt collection trade as a means of establishing its reputation and to identify particular services.

26. Plaintiff's Mark has acquired special significance by virtue of being inherently distinctive.

27. By actual usage, the Mark has acquired in the debt collection area a secondary meaning identifying Plaintiff as the source of the services.

28. Defendant has commenced use of an identical Mark in the same trade area, and as a consequence of Defendant's action, customer confusion as to the source of the services offered is probable.

29. Defendant's unauthorized, improper use of Plaintiff's Mark is likely to cause confusion to clients or customers of Plaintiff who search the internet for information about Plaintiff.

30. Plaintiff has suffered and continues to suffer damages caused by Defendant's infringement of Plaintiff's service Mark.

WHEREFORE Plaintiff demands judgment against Defendant, including injunctive relief, plus reasonable attorney fees and court costs, and such other relief as the Court deems appropriate.

## COUNT III
### Defamation

31. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 - 30 above.

32. On its website, "stopcollector.com," Defendant makes false, defamatory statements about Plaintiff, including references that Plaintiff engages in abusive or harassing conduct.

33. Defendant's publication of the false and defamatory statements about Plaintiff to third parties on its website is not privileged or authorized.

34. Defendant is at a minimum negligent for the non-privileged and unauthorized publication of false and defamatory statements about Plaintiff.

35. Plaintiff has suffered and continues to suffer damages to its reputation caused by the improper, negligent publication of the false and defamatory statement by Defendant.

WHEREFORE Plaintiff demands judgment against Defendant, including compensatory damages, either presumed or proved, and such other relief as the Court deems appropriate.

### COUNT IV
### Tortious Interference with Advantageous Business Relationship

36. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-35 above.

37. Advantageous business relationships exist between PLAINTIFF and its clients and customers.

38. Defendant knows of the existing business relationships between Plaintiff and its clients and customers.

39. Defendant's creation and maintenance of its "stopcollector.com" website with a page devoted to Plaintiff is an intentional and unjustified interference with the known advantageous business relationships between Plaintiff and its clients and customers.

40. Plaintiff has suffered and continues to suffer damages as a result of the intentional interference by Defendant and/or the breach of its existing advantageous business relationships.

WHEREFORE Plaintiff demands judgment against Defendant including compensatory damages, punitive damages and such other relief as the court deems appropriate.

## COUNT V
### Florida Deceptive and Unfair Trade Practices Act

41. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-40 above.

42. Defendant's creation and maintenance of its "stopcollector.com" website with a page devoted to Plaintiff constitutes an unfair method of competition, unconscionable act or practice or an unfair or deceptive act or practice in the conduct of trade or commerce by Defendant, in violation of Florida Statutes Section 501.201, *et sec.*

WHEREFORE Plaintiff demands judgment against Defendant including a declaratory judgment that Defendants act(s) has violated this statute, injunctive relief, actual damages, plus attorney's fees and costs, and such other relief as the court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail on this 25th day of October, 2012, to: slemberg@lemberglaw.com.

Respectfully submitted,

ERNEST H. KOHLMYER, III (0110108)
MARY GRACE DYLESKI     (0143383)
SOUTH MILHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, FL 32801
(407) 539-1638   Fax: (407) 539-2679
skipkohlmyer@southmilhausen.com
mdyleski@southmilhausen.com
Attorneys for Plaintiff